United States District Court
Southern District of Texas
**ENTERED**
March 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOWNSEL  MYERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-405 |
| | § | |
| EAST TEXAS TREATMENT FACILITY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Townsel Myers, appearing *pro se* and *in forma pauperis*, has filed this civil action.  Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2).  For purposes of screening and for the reasons set forth below, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a former prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  After his release from custody, he filed this civil action.  Plaintiff names the East Texas Treatment Facility as the sole defendant on the first page of his complaint.  This facility is located in Henderson, Texas.  Later in his complaint, he also lists two unknown defendants, who are both employees of "Greyhouse Bus."  (D.E. 1, pp. 2-3).  He appears to assert claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5)(A).  He seeks monetary and injunctive relief.

A *Spears*[1] hearing was conducted on February 13, 2020.  The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1): Plaintiff is confined to a wheelchair.  Sometime in 2019, Plaintiff was arrested on a parole violation and taken into custody at the Nueces County Jail.  He alleges that he was transferred to the East Texas Treatment Facility after being confined at the Nueces County Jail for two months.  Plaintiff was transported to the East Texas Treatment Facility by van.  According to Plaintiff, the East Texas Treatment Facility is a private facility.

Plaintiff was confined at the East Texas Treatment Facility for three months and was discharged on December 19, 2019.  On the day of discharge, Plaintiff was transported by van from the East Texas Treatment Facility to a free world place in

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Kilgore, Texas to catch a Greyhound bus.  Plaintiff took a Greyhound bus from Kilgore to Houston, Texas.  In Houston, Plaintiff took another Greyhound bus to Corpus Christi.

Plaintiff states that the Greyhound buses were not accessible by wheelchair and that he was forced to walk backwards to gain entrance onto the bus.  Plaintiff clarified at the *Spears* hearing that he seeks to sue an individual at the East Texas Treatment Facility because that person failed to arrange for Plaintiff to travel from the facility to Corpus Christi via a wheelchair assessible van.  Plaintiff conceded, however, that he had been released from custody at the time he was transported home.  Plaintiff did not indicate that he was injured in any fashion.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). *Pro se* status does not, however, offer a plaintiff "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## IV.     DISCUSSION

### A.      Section 1983 Claim

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

The East Texas Treatment Facility is a private facility operated by the Management and Training Corporation. *See Flowers v. Lopez*, No. 6:17cv474, 2018 WL 463026, at *2 (E.D. Tex. Jul. 19, 2018). Thus, regardless whether Plaintiff seeks to bring a § 1983 claim against the East Texas Treatment Facility or a private employee at that facility, any such defendant is not subject to suit or liable under § 1983. *See Minneci v. Pollard*, 565 U.S. 118, 131 (2012); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 63-64 (2001); *Ayala-Gutierrez v. Doe*, 697 F. App'x 285, 286 (5th Cir. 2017); *Eltayib v. Cornell Companies, Inc.*, 533 F. App'x 414, 414-15 (5th Cir. 2013); *Faseler v. Coastal Bend Detention Center*, No. 2:16-CV- 457, 2017 WL 387197, at *3-4 (S.D. Tex. Jan. 27, 2017). Accordingly, it is respectfully recommended that Plaintiff's § 1983 claim be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### B.     ADA Claim

With respect to his ADA claim, Plaintiff complains that he was forced to take Greyhound buses after he was discharged from the East Texas Treatment Facility and that the buses were not accessible by wheelchair. Plaintiff claims that an individual at the

East Texas Treatment Facility violated his ADA rights by failing to arrange for Plaintiff to travel from the facility all the way to Corpus Christi by van.

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To establish a valid claim under Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability within the meaning of the ADA; (2) he was excluded from participation or denied meaningful access to services, programs, and activities, or that he was otherwise discriminated against by defendants; and (3) such exclusion, denial of benefits, or discrimination is by reason of his disability.  *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir. 1997).  Intentional discrimination is required in order to recover compensatory damages under the ADA.  *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002).

Under the ADA, discrimination effectively means failure to provide a reasonable accommodation to the needs of the disabled person.  *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669,  672 (5th Cir. 2004).  That is, by failing to accommodate for the disability of the disabled person, the defendant has effectivity discriminated against the person.  *Tennessee v. Lane,* 541 U.S. 509, 531 (2004) (Congress recognized "that failure to accommodate persons with disabilities will often have the same practical effect as outright exclusion" or discrimination).

In the prison context, failure to make reasonable accommodations to the needs of a disabled prisoner may have the effect of discriminating against that prisoner because the lack of accommodation may cause the disabled prisoner to suffer more pain and punishment than non-disabled prisoners.  *See United States v. Georgia,* 546 U.S. 151, 160 (2006) (recognizing prisoner's allegations that defendant refused to provide a reasonable accommodation to a paraplegic inmate, "in such fundamentals as mobility, hygiene, medical care," resulted in the disabled inmate suffering serious punishment "without penal justification" and supported claims under the ADA and RA).

In this case, Plaintiff alleges that he is confined to a wheelchair.  Plaintiff makes no allegations to suggest that, during his time in custody following his arrest, he was excluded from participating or denied meaningful access to a wheelchair accessible van or subjected to any intentional discrimination based on his disability.  His allegations reflect that accommodations for his disability were provided Plaintiff when he was given access to a wheelchair accessible van: (1) upon initially being transported to the East Texas Treatment facility; and (2) on the first leg of his trip (from the East Texas Treatment Facility to Kilgore) on December 19, 2019, after he was released from custody.

The undersigned has found no cases to suggest that a prison facility or its representatives are obligated to extend such benefits and accommodations to a disabled inmate after he has been released from custody.  Accordingly, even assuming that Plaintiff is a qualified individual with a disability, his allegations taken as true fail to state an ADA claim.   Accordingly, the undersigned respectfully recommends that Plaintiff's

ADA claim be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

## V.   CONCLUSION

Because Plaintiff has not stated a cognizable federal claim in this action, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

Respectfully submitted this 3rd day of March 2020.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).